IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


THOMAS HARVEY MATTHEWS,          :
                                 :
            Petitioner           :
                                 :
       v.                        :     CIVIL NO. 3:CV-12-1759
                                 :
WARDEN CAMERON,                  :     (Judge Conaboy)
                                 :
            Respondent           :
_____

**MEMORANDUM**
**Background**

     This pro se petition for writ of habeas corpus pursuant to
28 U.S.C. § 2254 was initiated by Thomas Harvey Matthews, an
inmate presently confined at the Benner State Correctional
Institution, Bellefonte, Pennsylvania (SCI-Benner). Service of
the Petition was previously ordered.

     Matthews states that he was convicted of aggravated
assault, assault, corruption of minors, and indecent assault
following a 2006 jury trial in the Pike County, Pennsylvania
Court of Common Pleas.[1]  On November 2, 2006, Petitioner was
sentenced to an aggregate eleven and one half (11½) to twenty-
four (24) year term of imprisonment.[2]  On direct appeal to the

_____

     [1]  Respondent clarifies that Matthews was convicted of 2
counts of aggravated indecent assault, 19 counts of indecent
assault; and 2 counts of corruption of minors.  See Doc. 7, ¶ 1.
The charges stemmed from actions allegedly taken against two female
students by Petitioner while he was employed as an elementary
school teacher.

     [2]  The Respondent adds that Matthews was also designated as
                                              (continued...)

1

Pennsylvania Superior Court, Petitioner raised the following five issues: (1) the evidence was insufficient to establish indecent assault against the two student victims; (2) the cases against the two victims should have been severed; (3) the trial court erred by not excluding the testimony of a third student; (4) the trial court erred in concluding that Matthews was a sexually violent predator; and (5) the trial court abused its discretion in imposing the statutory maximum sentence for each count. See Doc. 8-15, p. 6.

Petitioner's conviction and sentence were affirmed on January 4, 2008 by the Pennsylvania Superior Court. See Commonwealth v. Matthews, 947 A.2d 828 (Pa. Super. 2008)(Table). The Pennsylvania Supreme Court subsequently denied Matthews' petition for allowance of appeal by decision dated October 1, 2008. See Commonwealth v. Matthews, 958 A.2d 1047 (Pa. 2008)(Table).

Thereafter, Matthews sought collateral relief via an August 20, 2009 petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3]  He was represented by counsel

---

[2](...continued)
being a sexually violent predator pursuant to Pennsylvania's Megan's Law.

[3] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941
(continued...)

during this proceeding.  A hearing on the matter was conducted by the Court of Common Pleas on February 19, 2010.  Petitioner's PCRA action which asserted claims of ineffective assistance of counsel was denied on April 26, 2010.

Matthews appealed that decision to the Superior Court. His PCRA appeal raised three issues: (1) trial counsel was ineffective for not requesting a failure to promptly complain about instructions; (20 the trial court erred in not providing the failure to promptly complaint instruction; and (3) trial counsel was deficient for introducing damaging evidence that was previously ruled inadmissible.  See Doc. 8-22, Exhibit 18, p. 4. The PCRA appeal was denied by the Superior Court on March 22, 2011.  See Commonwealth v. Matthews, 26 A.3d 1202 (Pa. Super. 2011)(Table).  A motion for reconsideration was denied by the Superior Court on May 10, 2011.  See id.  By decision dated January 30, 2012, the Pennsylvania Supreme Court denied Matthews' petition for allowance of appeal.  See Commonwealth v. Matthews, 38 A.3d 824 (Pa. 2012)(Table).  This pro se petition, dated August 27, 2012, was thereafter filed.

Respondent notes that following the initiation of this matter, Matthews filed a second, pro se, PCRA petition on October 11, 2013 in the Pike County Court of Common Pleas.  See Doc. 7, ¶ 18.  His second PCRA action was dismissed by the Court of Common

---

[3](...continued)
F.2d 246, 251 (3d Cir. 1991).

Pleas on November 13, 2012.[4]  It is unclear as to whether Petitioner appealed the dismissal of that action.

Ground One of Matthews' present petition claims entitlement to federal habeas corpus relief on the basis that trial counsel provided ineffective assistance by allowing the introduction of potentially damaging evidence which the trial court had previously ruled was inadmissible.[5]  Petitioner indicates that this argument was included in his initial PCRA action.  He further contends that trial counsel failed to object to improper cross examination and present witnesses that could have created reasonable doubt.  See Doc. 1, ¶ 12.

Ground Two claims that the Commonwealth violated Petitioner's right to a fair trial by manipulating the meaning of the memorandum (impeachment evidence) and tampering with the victims' testimony to establish a pattern.  Matthews concedes that this argument was not previously presented to the Pennsylvania state courts.  See Doc. 1, pp. 7-8.

Petitioner's next argument (Ground Three) maintains that the trial court violated due process by falsely stating that counsel had requested a prompt complaint instruction and by

_____

[4]  An addendum filed by Matthews generally asserts that his second PCRA action has noting to do with his federal habeas corpus petition.  See Doc. 11, p. 1.

[5]  In a letter subsequently submitted to this Court Petitioner explains that by having him testify his trial counsel opened the door for introduction of a memorandum as impeachment evidence that was previously ruled to be inadmissible.  See Doc. 9, p. 3.  Matthews adds that his counsel could have diffused the impeachment evidence by objecting to its introduction and/or by introducing another memorandum but failed to do so.

imposing a sentence in excess of the applicable guidelines.  It is also asserted that sequestered witnesses were allowed visitors and that a transport order was not issued for him to attend an appellate proceeding.  Matthews' pending petition also indicates that this argument was not presented before the Pennsylvania state courts.  See id. at p. 8.

Respondent states that Petitioner's pending claims "may be subject to further state court legal analysis if the Petitioner files additional actions in state court."  Doc. 7, ¶ 23.  The Respondent further contends that two of the three grounds presently raised by Matthews (his challenges to actions attributed to the Commonwealth and the trial court) "are unexhausted as they are raised for the first time in this federal action and have not been presented in the Pennsylvania state courts."  Id. at ¶ 27.  The response concludes that since the matter before this court is a mixed petition it is subject to dismissal as it contains unexhausted claims.  See id. at ¶ 29.

## Discussion

The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  The Third Circuit Court of Appeals has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ...

if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847.  The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.  See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be

available to the state courts.  <u>Evans v. Court of Common Pleas</u>,
959 F. 2d 1227, 1230 (3d Cir. 1992); <u>Lambert v. Blackwell</u>, 134
F.3d 506, 513 (3d Cir. 1997).

 Exceptions to the exhaustion requirement are made when:
(1) the state corrective process is so deficient as to render any
effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of
state officials have, in effect, made state remedies unavailable
to the petitioner, <u>Mayberry v. Petsock</u>, 821 F.2d 179, 184 (3d
Cir. 1987); or (3) "inordinate delay" in state proceedings has
rendered state remedies ineffective.  <u>Story v. Kindt</u>, 26 F.3d
402, 405 (3d Cir. 1994); <u>Schandelmeier v. Cunningham</u>, 819 F.2d
52, 55 (3d Cir. 1986).

 Ground One claims entitlement to federal habeas corpus
relief on the basis that trial counsel provided ineffective
assistance by allowing the introduction of potentially damaging
evidence which the trial court had previously ruled was
inadmissible.  Petitioner further contends that trial counsel
failed to object to improper cross examination and present
witnesses that could have created reasonable doubt.  With respect
to the issue of exhaustion, Matthews asserts that Ground One was
included in his PCRA action and was therefore exhausted in state
court.  Based upon a review of the Superior court's denial of
Matthews' direct appeal it does not appear that any portion of
Ground One was raised in that proceeding.

 Petitioner's PCRA appeal to the Superior Court does appear
to have included the claim that trial counsel's performance was

deficient for allowing the introduction of potentially damaging evidence which the trial court had previously ruled was inadmissible.  However, based upon a review of the Superior Court's decision, Matthews's PCRA appeal did not include his additional Ground One arguments that trial counsel failed to object to improper cross examination and present witnesses that could have created reasonable doubt. <u>See</u> Doc. 8-22, Exhibit 18, p. 4.

With respect to Ground Two (the Commonwealth violated Petitioner's right to a fair trial by manipulating the meaning of the memorandum and tampering with testimony), Matthews indicates that said issue was not pursued on direct appeal because appellate counsel was concentrating on ineffective assistance of trial counsel. <u>See</u> Doc. 1, p. 7, ¶ (b).  Petitioner further admits that the argument was not included in his PCRA action. <u>See id</u>. at ¶ (d).  Based upon Matthews' own admission as well as a review of the relevant state court decisions which have been submitted by Respondent, this Court agrees with Respondent's contention that this claim is unexhausted.

In regards to Ground Three (the trial court violated due process by lying about the prompt complaint instruction being asked for and by imposing a sentence in excess of the applicable guidelines), Petitioner indicates that said arguments were not raised in either his direct appeal or his PCRA action. <u>See id</u>., p. 8. ¶¶ (c) & (d).  However, based upon a review of the Superior Court's decision with respect to Matthews' PCRA appeal, it is

apparent that the substance of the Ground Three prompt complaint
instruction claim was raised in that proceeding and therefore was
exhausted in Pennsylvania state court.  See Doc. 8-22, Exhibit
18, p. 4.  It also appears that the Ground Three excessive
sentence claim was arguably raised in Matthews' direct appeal.
See Doc. 8-15, Exhibit 11, p. 6.   However, there is no
indication that the remaining arguments included in Ground Three,
that sequestered witnesses were allowed visitors and that a
transport order was not issued for him to attend an appellate
proceeding were previously raised in state court.

     Although Petitioner has not set forth any argument which
would warrant a finding that exhaustion should be excused with
respect to his unexhausted pending claims, in both Rhines v.
Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d
Cir. 2004), a § 2254 petitioner filed a timely but mixed (one
containing both exhausted and unexhausted claims) federal habeas
corpus petition.  Both Rhines and Crews addressed arguments that
federal habeas petitions should be held in abeyance while
unexhausted claims were exhausted in state court because those
claims might be time barred upon returning to federal court due
to the time limitations imposed by 28 U.S.C. § 2254(b)(1).[6]

     The United States Supreme Court in Rhines, recognized that
under such "limited circumstances" district courts have
discretion to stay a mixed § 2254 federal habeas corpus petition
so that the petitioner can pursue review of his unexhausted

---

     [6] Matthews has also not provided any indication to this
Court that he only wishes to proceed with his exhausted claim.

claims in state court.  Rhines, 544 U.S. at 277.  The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at p. 154 (internal citations omitted).

As in Crews, Matthews should not face the prospect of forfeiting federal court review of any pending unexhausted claim. Given Petitioner's pro se status and out of an abundance of caution, Crews counsels in favor of a stay of litigation in this case while Matthews, if he so elects, can seeks state court review of his multiple pending unexhausted federal claims.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court proceedings regarding any pending unexhausted federal claim, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions.  Failure to timely file the required written status report may be deemed a failure to prosecute.  Upon demonstration by Petitioner that his state court proceedings have concluded with respect to his pending unexhausted claims, the stay issued in this matter will be lifted, until such time this matter will be marked closed for administrative purposes.

In the alternative, if Petitioner wishes to proceed solely with his exhausted claims and with the understanding that by

10

doing so he may simply file an amended § 2254 petition within fourteen (14) days of the date of this Memorandum and Order containing those claims which have been exhausted in state court. Matthews is again warned that if he chooses to do so he risks being forever barred from presenting in federal court any claim not presented in his amended petition, Upon the timely filing of such an amended petition, this matter will be reopened.  An appropriate Order will enter.


                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge



DATED:   MAY 21, 2014