IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS HARVEY MATTHEWS, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-12-1759
:
WARDEN CAMERON, : (Judge Conaboy)
:
    Respondent :
_____

# MEMORANDUM
## Background

    Thomas Harvey Matthews, an inmate presently confined at the Benner State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following the filing of a response to the petition, this Court issued a Memorandum and Order dated May 21, 2014 which determined that adjudication of this habeas corpus action should be stayed. See Doc. 15.

    By Order dated January 6, 2016, Petitioner was granted leave to file an amended petition containing only those pending claims which he had exhausted in state court. See Doc. 24. An amended petition (Doc. 26) and supporting memorandum (Doc. 25) were thereafter filed by Matthews and this matter was reopened. After being granted an extension of time, the Respondent filed a response to the amended petition.

1

Matthews was convicted of two (2) counts of aggravated indecent assault, nineteen (19) counts of indecent assault, and two (2) counts of corruption of minors following a 2006 jury trial in the Pike County Court of Common Pleas.  The charges stemmed from the repeated molesting of two minor girls between 1997-1999 at the Shohola Elementary School in Pike County, Pennsylvania.[1]  During the relevant time period, Matthew was employed as the victims' third grade teacher.[2]

Following a sentencing hearing, Matthews was designated as a sexually violent sexual predator and sentenced to an aggregate eleven and one half (11½) to twenty-four (24) year term of imprisonment in November, 2006.

Petitioner's conviction and sentence were affirmed on January 4, 2008 following a direct appeal to the Pennsylvania Superior Court.  See Commonwealth v. Matthews, 947 A.2d 828 (Pa. Super. 2008)(Table).  On direct appeal to the Pennsylvania Superior Court, Petitioner raised the following five issues: (1) the evidence was insufficient to establish indecent assault against the two student victims; (2) the cases against the two victims should have been severed; (3) the trial court erred by not excluding the testimony of a third student; (4) the trial

---

[1] Neither victim reported the offenses to anyone until years later.

[2] The girls were not in the same class.  A third victim also testified against Matthews.

2

court erred in concluding that Matthews was a sexually violent predator; and (5) the trial court abused its discretion in imposing the statutory maximum sentence for each count. See Doc. 8-15, p. 6.

The Pennsylvania Supreme Court subsequently denied Matthews' petition for allowance of appeal by decision dated October 1, 2008. See Commonwealth v. Matthews, 958 A.2d 1047 (Pa. 2008)(Table). Matthews did not seek further review from the United States Supreme Court.

On August 20, 2009, Matthews file an action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[3] Following appointment of counsel, submission of an amended PCRA petition, and an evidentiary hearing, relief was denied on April 26, 2010. Matthews filed a PCRA appeal to the Superior Court which raised three issues: (1) trial counsel was ineffective for not requesting a failure to promptly complain instructions; (2) the trial court erred in not providing the failure to promptly complaint instruction; and (3) trial counsel was deficient for introducing damaging evidence that was previously ruled inadmissible. See Doc. 8-22, Exhibit 18, p. 4.

---

[3] The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

3

The PCRA appeal was denied by the Superior Court on March 22, 2011. See Commonwealth v. Matthews, 26 A.3d 1202 (Pa. Super. 2011)(Table). A motion for reconsideration was denied by the Superior Court on May 10, 2011. See id. By decision dated January 30, 2012, the Pennsylvania Supreme Court denied Matthews' petition for allowance of appeal. See Commonwealth v. Matthews, 38 A.3d 824 (Pa. 2012)(Table). This pro se petition was thereafter filed on August 27, 2012.

After the initiation of this action, Petitioner filed a second PCRA petition on October 11, 2012 which was subsequently dismissed.

Ground One of Matthews' pending Amended Petition claims entitlement to federal habeas corpus relief on the basis that trial counsel provided ineffective assistance by allowing the introduction of potentially damaging evidence which the trial court had previously ruled was inadmissible.[4] Petitioner further contends that his trial counsel failed to object to improper cross examination and present witnesses and documents that could have created reasonable doubt. See Doc. 26, ¶ 12.

Ground Two claims that trial counsel was also deficient for not requesting that a prompt complaint instruction be given to the jury. See id. In a subsequent addendum (Doc. 33),

---

[4] Petitioner explains that by having him testify his trial counsel opened the door for introduction of a memorandum as impeachment evidence that was previously ruled to be inadmissible. See Doc. 9, p. 3. Matthews adds that his counsel could have diffused the impeachment evidence by objecting to its introduction and/or by introducing another memorandum but failed to do so.

4

Matthews additionally maintains that the trial court acted improperly by imposing a sentence in excess of the applicable guidelines.

Respondent seeks dismissal of the amended petition on the grounds that it is untimely, many of Petitioner's claims were procedurally defaulted, and trial counsel's performance did not constitute ineffective assistance was reasonable strategy.

## Discussion

### Timeliness

Respondent initially argues that Matthews' action was not timely filed and is therefore subject to dismissal.[5] See Doc. 36, p. 21. Mathews has not opposed this argument.

It is initially noted that Petitioner's original § 2254 petition is dated August 27, 2012,[6] and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

Section 2244(d) of Title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[5] It is noted that the Respondent's response to the Original Petition did not raise the timeliness issue.

[6] See Doc. 1, p.14.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
>   (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court.")(emphasis in original).

The running of limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

However, the period during which a Section 2254 applicant could have filed a petition for writ of certiorari with the

United States Supreme Court from denial of an application for state post conviction or other collateral relief does not defer the commencement of the limitations period. See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

It is additionally noted that the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

Respondent's pending untimeliness argument agrees that Petitioner's direct appeal was denied by the Pennsylvania Supreme Court on October 1, 2008 and that Matthews did not seek further review. As such, the Respondent correctly points out that under the principles announced in § 2244(d)(1)(A) the limitations period began to run ninety days later, as of December 30, 2008, when the period for seeking review by the United States Supreme Court expired.

Second, the Respondent also concedes that the running of the limitations period was thereafter statutorily tolled during the period when Petitioner's initial PCRA action was pending before the Pennsylvania state courts (August 20, 2009 - January 30, 2012). While Matthews did file pursue a second PCRA action, it was filed after the initiation of this action and therefore not relevant to this timeliness discussion.

7

A review of the submitted record establishes that the one year limitations period began to run as of December 30, 2008 and continued to August 20, 2009, a total of 233 days. The clock restarted on January 30, 2012 and concluded on June 10, 2012, 132 days later. This matter was not filed until August 27, 2012 (86 days late).

Based upon those unopposed determinations regarding statutory tolling, Matthews' pending federal petition was not initiated within the § 2244(d) one year limitations period.

Petitioner makes no argument that he is entitled to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy , 240 F.3d at 244.

Nor does equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). In Johnson v. Hendricks, 314 F. 3d 159, 163 (3d Cir.

8

2002), the Third Circuit Court of Appeals reiterated that attorney error was not a sufficient basis for equitable tolling.

Based upon an application of the standards announced in Pace, Jones, and Fahy, there are no facts presented or apparent from the record which could establish that Matthews' failure to timely pursue his pending federal claims was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. It is also noted that this is not a case where the Commonwealth allegedly failed to produce favorable evidence to a criminal defendant.

Pursuant to the above discussion, Petitioner has not established entitlement to equitable tolling and despite his entitlement to statutory tolling for the pendency of his initial PCRA action his § 2254 petition was clearly filed after the expiration of the § 2244(d) limitations period. Consequently, this matter is clearly time barred and is precluded from consideration. An appropriate Order will enter.[7]

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 19, 2018

---

[7] In light of this determination, discussion of the Respondent's remaining arguments is not required.