# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS HARVEY MATTHEWS,** | : | CIVIL NO. 3:12-CV-1759 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN CAMERON,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 29th day of November, 2018, upon consideration of Matthews' informal request (Doc. 42) for reconsideration, and it appearing that Petitioner fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (stating that the three major grounds include: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." ), but, instead, simply disagrees with the court's decision and reargues matters already disposed of by the court, see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments

considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that the motion (Doc. 42) is DENIED.[1]

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

---

[1] This matter was initially assigned to the Honorable Richard P. Conaboy of this Court. Since Judge Conaboy recently passed away, this matter was reassigned to the undersigned.
    Petitioner's pending request for reconsideration vaguely argues that his supplemental claim which was filed in January, 2017 should be deemed timely because it relies on a 2014 decision of the Superior Court of Pennsylvania, Commonwealth v. Wolfe, 106 A.3d 800 (Pa. Super 2014) a This Court does not agree that Wolfe constitutes newly discovered evidence. Moreover, Petitioner has failed to establish the presence of any manifest errors of law or fact with respect to the decision by Judge Conaboy to deny the petition as being untimely and Matthews has not presented any evidence, which if previously presented, might have affected the decision.